IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Lee Baker,<br><br>                    Petitioner,<br><br>vs.<br><br>Charles L Ryan, et al.,<br><br>                    Respondents. | No. CV 11-0370-TUC-JGZ (BPV)<br><br>**REPORT AND<br>RECOMMENDATION** |

On June 22, 2011, Petitioner, Daniel Lee Baker, an inmate confined in the Arizona State Prison in Phoenix, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to Title 28, U.S.C. § 2254. (Doc. 1)[1] Respondents have filed an answer to the petition (Answer) with exhibits A through GG attached. (Doc. 14) Petitioner filed a reply (Reply) with exhibits A through V attached. (Doc. 17)

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation.

For the reasons discussed below, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Petition as untimely.

---

[1] "Doc." refers to the documents in this Court's file.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Conviction, Sentencing and Appeal

Petitioner was convicted in Pima County Superior Court (CR 2004-0488) after a jury trial of aggravated driving while under the influence of an intoxicant (DUI) with a suspended, revoked or restricted license; aggravated driving with an alcohol concentration of .08 or greater with a suspended, revoked or restricted license; aggravated DUI having two or more prior DUI convictions within the preceding sixty months; and aggravated driving with an alcohol concentration (AC) of .08 or greater having two or more prior DUI convictions within the preceding sixty months. (Doc. 14, Ex. A, ¶ 1) The trial court found Baker had one prior felony conviction for sentence enhancement purposes, and, on September 27, 2004, sentenced Baker to presumptive, concurrent prison terms of 4.5 years on each count.[2] (Doc. 14, Ex. A, ¶ 1; Ex. D )

### B.   Appeal

Baker, through counsel, filed a notice of appeal on October 12, 2004, (Doc. 14, Ex. E), and filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) requesting leave to file a *pro se* supplement. (Doc. 14, Ex. H) Petitioner filed a *pro se* supplemental brief raising four claims: 1) the finding of an allegation of prior conviction by the trial court, and not a jury, was in violation of Petitioner's Sixth Amendment rights;

---

[2] Baker was also sentenced in Pima County Superior Court in two separate criminal actions, on six additional aggravated DUI charges and one count of criminal damage. In CR 2004-0490 Petitioner was sentenced to 4.5 years consecutive to the sentence in CR 2004-0488. In CR 2004-2647 Petitioner was sentenced to 10 years to be served concurrent with CR 2004-0490. Petitioner's total sentence on all three case numbers is 14.5 years in prison. Case number CR 2004-2647 is the subject of a second federal habeas petition filed with this court. (CV 11-542-TUC-JGZ (BPV))

2) the trial court erred in failing to bifurcate Petitioner's trial and try him separately on the "prior convictions" element of the charged offenses in violation of Petitioner's right to a fair and impartial jury; 3) Petitioner was denied his Constitutional right to a preliminary hearing; and 4) Petitioner was denied his Constitutional right to a preliminary determination of mental competency to stand trial. (Doc. 14, Ex. I) Petitioner also argued claims of ineffective assistance of counsel in his appellate brief. (*Id.*) On September 27, 2006, the Arizona Court of Appeals affirmed Baker's conviction and sentence in an unpublished memorandum decision. (Doc. 14, Ex. A.) Baker filed a petition for review. (Doc. 14, Ex. J) On January 30, 2007, the Arizona Supreme Court denied review, (Doc. 14, Ex. K), and the mandate issued on March 2, 2007 (Doc. 14, Ex. L).

C.     Petition for Post-Conviction Relief

On December 16, 2004, Baker filed a notice of post-conviction relief. (Doc. 14, Ex. F). The trial court stayed Petitioner's post-conviction proceedings pending the outcome of Baker's direct appeal. (Id, Ex. G) On July 5, 2007, Counsel filed a notice in lieu of petition for post-conviction relief, notifying the court that, having reviewed the entire record, counsel was unable to find any arguably meritorious legal issue to raise in a petition for post-conviction relief, and requested leave of the court for Petitioner to file a petition *in propria persona*. (Doc. 14, Ex. M.) Baker filed a petition arguing 1) discovery and disclosure violations by the State and prosecutorial misconduct; 2) ineffective assistance of counsel for failure to argue Petitioner was not mentally competent to stand trial; and 3) the destruction of Petitioner's legal materials resulting in the violation of Petitioner's right to self-representation, due process, and access to courts. (Doc. 14, Ex.

N) The trial court denied the petition, finding the Court of Appeals decision on mental competency precluded Petitioner's claim in the Rule 32 proceeding and that Petitioner's failure to raise the claims of disclosure violations and prosecutorial misconduct in his appeal precluded those claims from being raised in the Rule 32 petition. (Doc. 14, Ex. O at 3) Finally, the trial court summarily dismissed Petitioner's last claim, ruling that any action or omission allegedly made by the Arizona Department of Corrections (ADOC) following Petitioner's incarceration was not proper grounds on which to seek relief pursuant to Rule 32. (Doc. 14, Ex. O at 8)

Baker filed a petition for review. (Doc. 14, Ex. P) On March 11, 2009, the Arizona appellate court granted review, but denied relief. (Doc. 14, Ex. Q) Baker filed a petition for review to the Arizona Supreme Court. (Doc. 14, Ex. Q.) The Supreme Court denied Baker's petition for review on June 8, 2009 (Doc. 14, Ex. R), and the mandate issued on July 13, 2009. (Doc. 17, Ex. B)

D.     First State Petition for Writ of Habeas Corpus/Petition for Special Action

Baker states that he filed a petition for writ of habeas corpus and affidavit before the Maricopa County Superior Court on October 15, 2007.[3] (Doc. 17, at 5) Petitioner's exhibits indicate that Maricopa County Superior Court construed the matter as a petition for special action, (Doc. 17, Ex. C, at 1), and Baker states that the petition for special action was denied. The Arizona Court of Appeals declined jurisdiction over the special action (Doc. 17, Ex. D), and, on September 29, 2008, the Arizona Supreme Court denied

---

[3] The petition is not attached to any of the documents filed in this Petition.

a petition for review. (Doc. 17, Ex. E)

### E. Second Notice of Post-Conviction Relief

On July 21, 2008, while Baker's first petition for post-conviction relief was pending, Baker filed a second notice of post-conviction relief requesting the appointment of counsel. (Doc. 14, Ex. S) Baker stated in the notice that the facts that supported the claim and reasons for not raising the claim in a previous petition or in a timely manner were "newly discovered material facts discovered after trial." (Doc. 14, Ex. S at 3.) The trial court denied Petitioner's request for appointment of counsel, noting that the issue Baker seemed to be raising involved his competency which had been raised in his first Rule 32 Petition, and the trial court had addressed in a prior ruling. (Doc. 14, Ex. T) Upon receipt of a motion for extension of time to file a *pro per* petition for post-conviction relief, the trial court denied the motion, and, noting that Petitioner had failed to file a petition, dismissed the notice on November 5, 2008. (Doc. 14, Ex. U at 2)

### F. Second State Petition for Writ of Habeas Corpus

On March 18, 2010, Baker filed a second state petition for writ of habeas corpus. (Doc. 14, Ex. V) Baker claimed that the State had destroyed his legal materials, resulting in a denial of access to legal resources, preventing him from meaningful pursuit of appeals and post-conviction relief. (Doc. 14, Ex's. V, W) The trial court denied the petition on June 18, 2010, finding it precluded insofar as the motion constituted the equivalent of a second Rule 32 petition because the issue was raised both on direct appeal and in a previous Rule 32 petition. The court found that "[p]erhaps the most important of [Petitioner's] contentions – that the destroyed materials would have permitted him to

raise newly discovered evidence – is precluded for this reason. Whether the documents were or were not in [Petitioner's] possession at the time he filed his first Rule 32 motion, he had knowledge of any such facts at that time, as his May 24, 2010, reply memorandum clearly indicates. He was therefore required to include any such grounds in his first Rule 32 motion, and he did not." (Doc. 14, Ex. X at 2) Regarding Baker's broader due process argument, the court found that this issue fell outside the scope of Rule 32, and was thus not precluded from consideration, providing it was cognizable under the writ. (*Id.*) Nonetheless, the court found Petitioner was not entitled to relief because 1) only a denial of due process that deprives a court of jurisdiction to impose the conviction and sentence would permit issuance of the writ, and Petitioner made no such contention and did not provide facts showing how the loss of the materials constituted a due process violation of a type and magnitude affecting the jurisdiction of the court, or how the loss of the materials could entitle him to release; 2) habeas corpus is not the proper remedy for claims that a defendant's confinement is illegal because his constitutional right to meaningful access to the courts has been violated; 3) insofar as Petitioner's allegations constitute allegations of mistreatment of a prison inmate, the writ of habeas corpus may not be used as the vehicle for relief; and 4) insofar as the petition requests dismissal of the charges, the petition must be denied because the function of habeas corpus is to obtain the release of one unlawfully detained, not dismissal of the charges against the complaining party. (*Id.* at 3-4) Additionally, the court considered, but declined to construe the motion as a special action, finding that the case was not one which could be resolved by mandamus-type relief, since, as alleged in the petition, the materials at the

1
2
heart of Petitioner's complaint no longer exist, and Petitioner had failed to allege actual injury. (*Id.* at 4)

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Petitioner filed a motion for rehearing with the trial court on July 12, 2010, which that court denied on July 21, 2010, construing it as a motion for reconsideration. (Doc. 14, Ex's Y, Z) Petitioner then filed a petition for review to the Arizona Court of Appeals after seeking, and receiving, an extension of time in which to file it. (Doc. 14, Ex's AA - CC) On January 7, 2011, the Arizona Court of Appeals held that it lacked jurisdiction to entertain Petitioner's appeal because Petitioner had failed to file a timely notice of appeal under Ariz. R. Civ. App. P. 9(a), which governs appeals from trial court denials of state habeas relief. (Doc. 14, Ex. C at ¶¶ 8–9.) The Court of Appeals explained that, though Petitioner had asked for, and received, an extension of time to file his petition for review, which the trial court granted, "the civil appellate rules do not permit a trial court to extend the time to file a notice of appeal except in circumstances not present here. *See* Ariz. R. Civ. P. 9(a)." (Doc. 14, Ex. C at ¶ 2, n.2) Though the appellate court explained that, given the trial court's references to Baker's motion for rehearing as a motion made under Rule 32, and her grant of an extension under Rule 32.9, Baker's decision to file a petition for review was "somewhat understandable, … to preserve his right to review of decisions denying his habeas or special action claims, he was required to file a notice of appeal." (*Id.*) On February 3, 2011, Petitioner sought an extension of time in which to file a petition for review to the Arizona Supreme Court, which was granted on February 9, 2011. (Ex's. DD, EE) Petitioner petitioned the Arizona Supreme Court for review, which that court denied on July 20, 2011. (Ex's FF, GG)

G.    <u>Federal Proceedings</u>

On February 17, 2009, when Petitioner's first Rule 32 proceeding was pending in state court, Petitioner filed a federal habeas corpus petition raising four claims in relation to his convictions in CR 2004–0488, CR 2004–0490, and CR 2004–2647. (CV 09-00333-PHX-SMM, Doc. 1) The Court screened the Petition, and, upon screening, dismissed three of Petitioner's four grounds for relief as improperly asserted civil rights claims. (*Id.*, Doc. 7) Accepting the Magistrate Judge's Report and Recommendation (*Id.*, Doc. 21), the Court construed the entire Petition as a civil rights complaint, which it dismissed on August 10, 2010, with prejudice, for failure to state a claim. (*Id.*, Docs 22 and 23)

On March 15, 2010, Petitioner filed another federal habeas corpus petition, this time raising eight claims in relation to his convictions and sentences in CR 2004–0488. (CV 10-00157-TUC-CKJ (BPV), Doc. 1) Petitioner subsequently moved to dismiss the petition without prejudice, however, so that he could pursue the state habeas corpus petition that he filed on March 18, 2010; the District Court granted the motion on July 22, 2010. (*Id.*, Docs. 16-18)

On June 22, 2011, after the Arizona Court of Appeals had rendered its memorandum decision declining jurisdiction in Petitioner's state habeas corpus proceeding but prior to the Arizona Supreme Court's denial of review, Petitioner filed the federal habeas corpus petition at issue in the instant proceeding.

Petitioner raises nine grounds for relief in the Petition: (1) Petitioner's Fifth, Sixth, and Fourteenth Amendment rights were violated when he received an enhanced sentence based on facts not determined by a jury; (2) Petitioner was denied a trial by an impartial

jury and denied effective assistance of counsel, in violation of the Fifth, Sixth, and Fourteenth Amendments; (3) Petitioner was denied a preliminary hearing and effective assistance of counsel in violation of the Fifth, Sixth, and Fourteenth Amendments; (4) Petitioner was denied a preliminary examination for a determination of mental competency, in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments; (5) The State violated discovery and disclosure rules during pre-trial and trial proceedings, in violation of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments; (6) Petitioner was denied a preliminary examination for a determination of mental health competency to stand trial or for mitigation in sentencing; (7) Petitioner's First, Eighth, and Fourteenth Amendment rights were violated when his legal papers were confiscated and he was forced to present an incomplete petition to the Arizona Court of Appeals, which the Arizona Court of Appeals denied; (8) The trial court erred in denying Petitioner's second petition for post-conviction relief that presented newly discovered evidence, in violation of the First, Fifth, Fourteenth and Sixth Amendments; and (9) Petitioner's First, Fifth, Eighth, and Fourteenth Amendment rights were violated during his state appellate and post-conviction proceedings. (Doc. 1) Petitioner attached the first page of an affidavit in support of the Petition. (Doc. 1-2)[4]

---

[4] Though Petitioner refers to several exhibits and attachments in the Petition, the Petition contained only the first page of Baker's affidavit in support of his "amended petition." Petitioner's Reply clarifies that the exhibits referred to in the Petition, and several of the exhibits referred to in the Reply can be found in the Appendix attached to the federal habeas petition voluntarily dismissed by Petitioner. (CV 10-157-TUC-CKJ, Doc. 1, Attachments 1-13; Doc. 20, Attachments 14-15) These exhibits, unless resubmitted in this action, are not presently before the Court. After dismissing the

## II.   DISCUSSION

### A.   Standard of Review

Because Baker filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA").

### B.   Timeliness

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody[5] pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1).

The running of this one-year statute of limitations on habeas petitions for state convictions is tolled during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in any state court. *See* 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations is tolled during the pendency of a state court action for post-conviction relief. 28 U.S.C. § 2244(d)(2).

An application contemplated by section 2244(d)(2) is properly filed "when its

---

petition in CV 10-157, District Judge Jorgenson denied Petitioner's request to reference the exhibits he filed in CV 10-157 without re-filing the exhibits when he filed a new petition. (*Id.*, Doc. 23) District Judge Jorgenson further notified Petitioner that a new petition "must include any documents Petitioner intends to reference in the new case." (*Id.*) Accordingly, only those documents filed in the present action, and the exhibits attached to the State's response will be considered by this Court.

[5] For purposes of the in-custody requirement, when a habeas petitioner is serving consecutive sentences, the sentences are viewed "as composing a continuous stream." *Garlotte v. Fordice*, 515 U.S. 39, 41 (1995). Therefore, Baker is considered in custody pursuant to all of his sentences until they all are completed.

delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). The United States Supreme Court has held that untimely state post-conviction petitions are not "properly filed" under AEDPA, and do not toll AEDPA's statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled, in part, on other grounds by, *Calderon v. United States Dist. Ct. (Kelly),*163 F.3d 530, 540 (9th Cir. 1998). Tolling is appropriate when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.*; *see also, Miranda v. Castro*, 292 F.3d 1063, 1067 (9th Cir. 2002)(stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.") (citations omitted); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

C.    Analysis

The Magistrate Judge finds that, pursuant to the AEDPA, the Petition filed in this Court is untimely. Baker had until one year after his conviction and sentence became final to file his federal petition.

1.    *Limitation Period Under § 2244(d)(1)(A)*

Petitioner's conviction and sentence became final on April 30, 2007, ninety (90)

days after his direct appeal was denied by the Arizona Supreme Court on January 30, 2007, when the time for filing a petition for a writ of certiorari from the United States Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001)(Judgment becomes final either by the conclusion of direct review by the highest court, including the United States Supreme Court, or by the expiration of the time to seek such review.). Accordingly, Petitioner was required to file his petition for writ of habeas corpus within 1 year of the date his convictions became final, *i.e.*, one year from April 30, 2007, absent statutory tolling.

2.     *Statutory Tolling*

i.     **Petition for Post-Conviction Relief (notice filed May 15, 2008)**

The limitations period was tolled immediately, however, by the pendency of Petitioner's state petition for post-conviction relief. *See* 28 U.S.C. § 2244(d)(2). There was no gap between the conclusion of direct review, and Baker's properly filed notice of petition for post-conviction review. *See Isley v. Arizona Dept. of Corrections*, 383 F.3d 1054 (9th Cir. 2004)(State petition is "pending" within the meaning of 28 U.S.C. § 2244(d)(2) when properly filed notice of post-conviction relief is filed.). Thus, the issue is not when direct review became final under § 2244(d)(1)(A), rather, this Court must determine how long Baker's petition for post-conviction relief was "pending" for purposes of tolling the limitations period pursuant to § 2244(d)(2). Petitioner contends that the date the mandate issued, July 13, 2009, is the controlling date for purposes of § 2244(d)(2). Respondents submit, however, that Petitioner's post-conviction proceedings

1     were no longer pending after June 9, 2009, when the Supreme Court denied review of the

2     matter. Because it does not affect the outcome, the undersigned presumes for purposes of

3     this Report and Recommendation that Baker's petition for post-conviction relief was

4     "pending" for purpose of tolling the limitations period pursuant to 2244(d)(2) until the

5     mandate was issued on July 13, 2009, and thus the limitations period commenced on July

6

7     14, 2009. Baker's federal petition was due one year later, or **July 14, 2010**.

8

9          Additionally, Baker argues that his collateral review proceedings remained

10    pending during the ninety-day period during which he could have filed a petition for a

11    writ of certiorari in the United States Supreme Court. (Doc. 17, at 5) This argument is

12    foreclosed by the Supreme Court's decision in *Lawrence v. Florida*, 549 U.S. 327 (2007).

13

14    In that case, the Court held that AEDPA's limitations period is statutorily tolled "only

15    while *state* courts review [a petitioner's] application [for post-conviction relief]." *See id*.

16    at 332 (emphasis added). Because "[a petition for certiorari before the Supreme Court] is

17

18    not a part of a 'State's post-conviction procedures,' " § 2244(d)(2) does not toll AEDPA's

19    limitations period during the pendency of such a petition. *See id*. (quoting 28 U.S.C. §

20    2244(d)(2)).

21

22              ii.     **Second Notice of Petition for Post-Conviction**

23                                **Relief**

24          Baker's second Rule 32 notice was filed on July 21, 2008, while his first Rule 32

25    proceeding was pending, and was dismissed on November 5, 2008. Thus, this petition,

26

27    even if considered a proper tolling event, does not extend the tolling period beyond the

28    period already established by the first Rule 32 proceeding.

### iii.    Federal Petitions for Writ of Habeas Corpus

Though Petitioner's first petition for writ of habeas corpus was ultimately construed as a civil rights complaint, neither that petition, nor his second federal petition for writ of habeas corpus, could toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2). The limitations period is tolled only for the pursuit of state remedies, and not during the pendency of applications for federal review. 28 U.S.C. § 2244(d)(2); *Duncan v. Walker*, 533 U.S. 167 (2001). Additionally, the instant habeas petition does not "relate back" to the second habeas petition filed on March 15, 2010 and render the instant petition timely filed because that petition was filed within the applicable statute of limitations. The March 15, 2010 petition was voluntarily dismissed by Petitioner in order to allow Petitioner to exhaust his state remedies. A second habeas petition does not relate back to a first habeas petition when the first habeas petition has been dismissed for failure to exhaust. *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (When first petition was voluntarily dismissed, there was no pending petition to which the new petition could relate back or amend); *Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001)(When first petition is no longer pending, there is no petition to relate back to.)

Petitioner contends in his reply that the original second petition had been submitted for mailing on December 15, 2009, then subsequently lost in ADOC's mail or property office, and finally resubmitted to this Court on March 15, 2010 (*See* Doc. 17, at 6). This does not change the determination that the instant habeas petition does not "relate back" to the previously filed federal habeas petition and render the instant petition timely filed because that petition was filed within the applicable statute of limitations.

Because there is no petition to relate back to, it doesn't matter what date the Court determines the previously dismissed petition was filed.

### iv.   First and Second State Petitions for Writ of Habeas Corpus

Because there is no evidence before the Court of the contents of Petitioner's first state petition for habeas corpus, construed by the state court as a petition for special action, there is no evidence in the record that Baker's first state petition for writ of habeas corpus was "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." *See* 28 U.S.C. § 2244(d)(2). Moreover, such determination is unnecessary, because even if the petition were a tolling event pursuant to §2244(d)(2), the petition was dismissed on September 29, 2008, prior to the commencement of the limitations period on July 14, 2009, and thus the petition is inconsequential to this statutory tolling analysis.

Because Respondents do not contest Baker's contention that the second state habeas corpus petition filed on March 18, 2010 is other than a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim," pursuant to 28 U.S.C. § 2244(d)(2), and because it does not affect the outcome, the undersigned presumes for purposes of this Report and Recommendation that Petitioner is entitled to statutory tolling for its pendency. The limitations period was therefore tolled from March 18, 2010, until the petition is found to be no longer pending in state court.

Petitioner's failure to timely file a notice of appeal divested the Arizona Court of

1
2
3
4
5
6
7
8
9
10
11

Appeals of jurisdiction to consider any appeal from the trial court's denial of Petitioner's state habeas corpus petition. It is established that, in Arizona, a timely notice of appeal is essential to vest the appellate court with jurisdiction to consider the appeal. *See Lount v. Strouss*, 63 Ariz. 323, 326 (1945) (appellate court is without jurisdiction to consider appeal that is not pursued in the "time and manner provided by law"); *Edwards v. Young*, 107 Ariz. 283, 284 (1971) ("It is settled in Arizona that the perfecting of an appeal within the time prescribed is jurisdictional; and, hence, where the appeal is not timely filed, the appellate court acquires no jurisdiction other than to dismiss the attempted appeal"); *James v. State*, 215 Ariz. 182, 185, ¶ 11, (App. 2007).

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Because Petitioner's attempt to seek review with the Arizona Court of Appeals was rejected as untimely, that appeal was not "properly filed" for AEDPA limitations purposes and it therefore did not toll the limitations period. *Pace*, 544 U.S. at 414, 417. *See Allen v. Siebert*, 552 U.S. 3, 4–5 (2007)("Because Siebert's petition for state postconviction relief was rejected as untimely by the Alabama courts, it was not "properly filed" under § 2244(d)(2). Accordingly, he was not entitled to tolling of AEDPA's 1-year statute of limitations"); *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (time in which a state post-conviction relief proceeding tolls the AEDPA limitations period includes "the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law") (emphasis in original); *Pace*, 544 U.S. at 417 (time limits, "no matter their form," are "'filing' conditions," with which noncompliance forecloses statutory tolling).

28

On habeas review, federal courts have no license to second-guess state-court

determinations regarding the timeliness of a §2254 petitioner's state-court pleadings under that forum's procedural rules. *See Siebert*, 552 U.S. at 7; *Carey v. Saffold*, 536 U.S. 214, 226 (2002); *White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010); *Zepeda v. Walker*, 581 F.3d 1013, 1018 (9th Cir. 2009).[6] As the Supreme Court observed, "it is not the province of a federal habeas court to reexamine state court determinations of state law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Furthermore, none of Petitioner's post-denial filings operated to vest the Arizona Court of Appeals with jurisdiction to entertain his purported appeal. On July 12, 2010, Petitioner filed a motion for rehearing from the trial court's denial of state habeas relief, which the trial court denied on July 21, 2010. (Exhibits Y–Z.) As the Arizona Court of Appeals properly found, however, that motion for rehearing did not operate to extend the July 18, 2010, deadline for filing a notice of appeal. (Exhibit C, at ¶ 8.) *See* Ariz. R. Civ. App. P. 9(b) (setting forth types of motions that can extend the time in which to file a notice of appeal). Similarly, on September 26, 2010, Petitioner filed a petition for review with the Arizona Court of Appeals after receiving an extension of time in which to file it. (Exhibits AA–CC.) But, because the Arizona Court of Appeals lacked jurisdiction to consider Petitioner's time-barred appeal, it likewise lacked discretionary jurisdiction over Petitioner's petition for review. *See State ex rel. Neely v. Rodriguez*, 165 Ariz. 74, 77

---

[6] That a federal court may not second-guess the state court's determination of the timeliness of a §2254 petitioner's state-court filing is the logical extension of precedent overwhelmingly recognizing that "[f]ederal habeas courts lack jurisdiction … to review state court applications of state procedural rules." *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1998); *see also Walton v. Arizona*, 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), overruled on other grounds by *Ring v. Arizona*, 536 U.S. 584, 609 (2002); *see also Bell v. Cone*, 543 U.S. 447, 455 (2005) (a federal court may not lightly presume "that a state court failed to apply its own law").

(1990) (holding that, because the Arizona court of appeals has discretionary jurisdiction "only in matters that it might properly consider in an appeal," the lack of subject matter jurisdiction over an appeal that is time-barred also forecloses discretionary jurisdiction).

Petitioner's petition for review, filed with the Arizona Supreme Court on February 3, 2011, did not operate to retroactively vest the Arizona Court of Appeals with jurisdiction over his time-barred appeal or to otherwise toll the period of time in which that defunct appeal was "pending." First, that petition for review was filed long after Petitioner's AEDPA limitations period expired. Second, the Arizona Supreme Court on July 20, 2011, issued only a summary, unexplained denial of review. (Exhibit GG.) The Arizona Court of Appeals' January 7, 2011, memorandum decision in which it concluded it lacked jurisdiction over Petitioner's time-barred "appeal" therefore was the last reasoned opinion on the matter, and it is to be presumed that the Arizona Supreme Court's summary denial did not "silently disregard" that jurisdictional bar. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) (federal habeas court presumes that a state appellate court summary denial of review incorporates the last-reasoned state court opinion on the matter); *Bonner v. Carey*, 425 F.3d 1145, 1148 n. 13 (9th Cir. 2005) (applying *Ylst's* last-reasoned opinion framework to state appellate courts' summary denials of review and finding, based on trial court's finding of untimeliness, that appellate courts likewise found untimeliness). Petitioner cannot overcome this presumption, particularly in light of established Arizona law that the failure to timely file a notice of appeal divests the appellate courts of jurisdiction over the appeal. And third, the petitioner in *Pace* likewise unsuccessfully sought state appellate review of the lower

state court's finding of untimeliness. *Pace*, 544 U.S. at 411. *Pace* nonetheless held that, because of the initial untimeliness, no portion of the state-court proceeding—including the time in which the petitioner sought review—was entitled to statutory tolling. 544 U.S. at 416–17.

Accordingly, the limitations period was tolled until July 19, 2010[7], or 30 days after the trial court denied the petition on June 18, 2010. *See* A.R.S. § 12–2101(A)(11) (providing that "[a]n appeal may be taken to the court of appeals" "[f]rom an order or judgment made and entered on habeas corpus proceedings"); Ariz. R. Civ. App. P. 8(a) ("An appeal . . . permitted by law from a superior court to an appellate court shall be taken by filing a notice of appeal with the clerk of the superior court within the time allowed by Rule 9"); Ariz. R. Civ. App. P. 9(a) ("A notice of appeal required by Rule 8 shall be filed . . . not later than 30 days after the entry of judgment from which the appeal is taken"). Petitioner did not file any such notice of appeal, timely or otherwise.

Thus, the limitations period was tolled from March 18, 2010 through July 19, 2010, or 124 days, extending the due date for Baker's federal petition to **November 15, 2010.** Petitioner was required to file his petition for writ of habeas corpus within the 1-year period of limitations, excluding time where the statute of limitations was properly tolled. *See* 28 U.S.C. § 2244(d)(1)(A) & (d)(2). Baker's petition was filed in federal court on June 22, 2011. Petitioner did not file his federal petition for writ of habeas corpus within the 1-year statute of limitations. Unless there is a basis for equitably tolling the

---

[7] Because the last day to file an appeal from the trial court's denial fell on a Sunday, Baker had until the following Monday, July 19, 2010, to file with the Court of Appeals. *See* Ariz. R. Civ. App. P. 5(a); Ariz.R.Civ.Proc. 6(a).

limitations period, Petitioner's habeas petition is untimely.

### 3.    Equitable Tolling

"When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The extraordinary circumstances requirement is a "high hurdle," *see Calderon (Beeler)*, 128 F.3d at 1289, and policy considerations counsel against equitable tolling. *Mohasco Corp. v. Silver*, 447 U.S. 807 (1980). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007). Baker asserts that he is entitled to equitable tolling because of the destruction of his legal property by a state agency. Petitioner's contention that he was misled by the state courts to forego an appeal from the denial of his state habeas petition in favor of a petition for review is also construed by this Court as an argument in favor of equitable tolling.

Petitioner asserts that he filed his state petition for writ of habeas corpus in compliance with Rule 32, Arizona Rules of Criminal Procedure, because the Superior Court instructed Petitioner to submit his petition pursuant to criminal procedure. Though it appears that the state court clerk's office instructed Petitioner that his documents were not in proper format for filing because they were captioned incorrectly for Criminal Department filings and required a Pima County Superior Court case number, (Doc. 17,

Ex. Q), the state court did not advise or instruct Petitioner to file his documents, or more specifically his appeal, pursuant to Rule 32. Petitioner asserts further that the state court's acceptance of his petition, filed pursuant to Rule 32.2 further solidified "Petitioner's direction in the habeas petition that ... the habeas proceedings are under … Rule 32." (Doc. 17, at 8) While equitable tolling may be available in certain instances when a petitioner is *affirmatively misled* by the court, *see Ford v. Pliler*, 590 F.3d 782, 784 (9th Cir. 2009), Petitioner cannot meet his burden of demonstrating he was *affirmatively misled* by the court through acceptance by the clerk of court's office of documents *he submitted for filing*. Ultimately, the trial court issued its ruling and found that, even if the motion were considered as a second Rule 32 petition, the issues raised within were precluded. (Doc. 14, Ex. X) Though ultimately denying the claim, the trial court considered Baker's broader due process argument as falling outside the scope of Rule 32, and thus not precluded from consideration on petition for habeas corpus. (*Id.*)

Finally, the state trial court's granting Petitioner an extension of time in which to file his petition for review to the Arizona Court of Appeals does not constitute an extraordinary circumstance justifying equitable tolling. As previously noted, not only was Petitioner aware at the time of his state habeas corpus proceeding that his claim of lack of access to legal materials was not cognizable under Rule 32 (since the trial court and the Arizona Court of Appeals had made that precise ruling in Petitioner's first Rule 32 proceeding), but Petitioner expressly argued that Rule 32's preclusion rules did not apply because he was seeking state habeas corpus relief, not Rule 32 relief. (Exhibit C, at ¶ 5; Exhibit O; Exhibit W, at 6–10.) Petitioner therefore cannot fault the trial court for

granting him an extension of time in which to file a petition for review that *he* requested, let alone can he claim he was affirmatively misled by that extension grant. The trial court, moreover, had no duty to advise or counsel Petitioner regarding the different procedural rules applicable to Rule 32 proceedings as opposed to state habeas corpus proceedings. The trial courts "have no obligation to act as counsel or paralegal to *pro se* litigants," *Pliler v. Ford*, 542 U.S. 225, 231 (2004), and "the Constitution [does not] require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course," *McKaskle v. Wiggins*, 465 U.S. 168, 183–84 (1984). Explaining proper appeal procedures is normally a function of trained counsel. *See Ford*, 542 U.S. at 231 ("Explaining the details of federal habeas procedure and calculating statutes of limitations are tasks normally and properly prepared by trained counsel as a matter of course"). Nothing in the trial court's *affirmative* actions misled Petitioner, and the trial court was under no obligation to advise Petitioner that he was operating under a misapprehension of appellate procedure.

Finally, even if Baker had been misled by the trial court's consideration of the possibility that the petition was a Rule 32 petition, any such misunderstanding lasted only until the appellate court dismissed the petition for lack of jurisdiction on January 7, 2011. Even if the limitations period were tolled through this period, this would extend the statutory tolling of the limitations period previously calculated above for filing the state habeas petition from 124 days, to a combined statutory/equitable tolling period of 295 days, and the due date for Baker's federal petition would be extended from July 14, 2010, to May 5, 2011. Baker's federal petition, however, would still be untimely.

1    Petitioner argues that he is entitled to equitable tolling because the destruction of

2    legal papers and effects proves cause for Petitioner's alleged procedural shortcomings.

3    (Doc. 17, at 9) Although a petitioner may be entitled to tolling if he is denied access to

4    legal papers despite his repeated requests for them, *see*, *e.g.*, *Espinoza–Matthews v.*

5    *California*, 432 F.3d 1021, 1027–28 (9th Cir. 2005); *Lott v. Mueller*, 304 F.3d 918, 924–

6    25 (9th Cir. 2002), Petitioner's case is distinguishable. First, Petitioner has not attempted

7    to demonstrate a causal connection between his need for his legal property, and his

8    inability, had he been acting diligently, to file his federal petition on time. *See Waldron–*

9    *Ramsey v. Pacholke*, 556 F.3d 1008, 1013–14 (9th Cir.2009) (affirming the denial of

10   equitable tolling, and stating, "[Petitioner] does not point to specific instances where he

11   needed a particular document, could not have kept that document within his permitted

12   three boxes had he been cooperative, and could not have procured that particular

13   document when needed"). Second, the lack of legal materials was not an impediment to

14   filing because the Petitioner in fact timely filed a habeas petition, raising eight of the nine

15   claims raised in the present petition, though he later dismissed this petition, (CV 10-157-

16   TUC-CKJ). *See Ford*, 590 F.3d at 790 ("[Petitioner's] alleged inability to access [his

17   legal files] cannot be 'the cause of his untimeliness' since he did not need the legal

18   materials they contained to file a timely habeas petition.")(quoting *Bryant v. Ariz. Atty.*

19   *Gen.*, 499 F.3d 1056, 1061 (9th Cir.2007)). Though the fact that Baker could have filed a

20   timely federal habeas petition at a certain point in time is not necessarily dispositive,

21   because Baker's failure to file a timely petition was the result of oversight, miscalculation

22   or negligence on his part, Baker is not entitled to equitable tolling. *See Harris v. Carter*,

515 F.3d 1051, 1055 (9th Cir. 2008)(*citing Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007)). The record demonstrates that Petitioner was aware of the factual basis for the claims he raised, and, in fact, had attempted to raise several of these claims throughout his state court proceedings. *See Ford*, 590 F.3d at 790 (affirming district court's determination that petitioner was not entitled to equitable tolling based on lack of access to his legal files because the record showed petitioner was aware of the factual basis for his claims without the files); *cf. United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004)(When claims are about happenings at the time of conviction, "[s]urely due diligence requires that [petitioner] at least consult his own memory of the trial proceedings. His decision not to do so does not bespeak due diligence."). The ninth claim Petitioner raises, and which was not raised in his first federal habeas petition, concerned the loss and destruction of Petitioner's legal material. Petitioner's claim demonstrates he had been aware of the factual basis for this claim since its occurrence in 2005. Though Petitioner argues that the destruction of his legal materials resulted in the inability to present "supportable facts with evidence" in his direct appeals, collateral relief proceedings or habeas corpus proceedings, (*see* Doc. 1, at 90), Petitioner has never stated specifically what irreplaceable legal materials were destroyed that were necessary to file his federal habeas petition, nor has Petitioner indicated what steps he took to regain replaceable legal materials that were destroyed, for example attempting to replace affidavits, obtain copies of his legal records or transcripts, or conduct further legal research.

Petitioner has not met his burden of demonstrating that the destruction of his legal

materials caused his untimely filing. Petitioner is not entitled to equitable tolling, and his federal habeas petition is untimely. He therefore is not entitled to habeas relief.

## III.   RECOMMENDATION

This Court recommends that the District Court, after its independent review of the record, DISMISS this action in its entirety as untimely.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived.

If objections are filed the parties should use the following case number: CV 11-0370-TUC-JGZ.

Dated this 27th day of April, 2012.


_____
Bernardo P. Velasco
United States Magistrate Judge

- 25 -